Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 CR 54 | **DATE** | 7/23/2003 |
| **CASE TITLE** | USA vs. Darwin Montana | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Order. Defendant's "Pro Se Petition For Reduction of Sentence Pursuant to Title 18 USCS 3582(c)(2) is denied. (88-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 24 2003 | 90 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
              Plaintiff,         )
                                 )
         v.                      )    No. 98 CR 54
                                 )
DARWIN MONTANA,                  )
                                 )
              Defendant.         )

DOCKETED
JUL 24 2003

MEMORANDUM ORDER

Darwin Montana ("Montana") has just submitted what he labels as his "Pro Se Petition For Reduction of Sentence Pursuant to Title 18 USCS 3582(c)(2)" ("Petition"). There are several problems with that submission, and each of them independently calls for the denial of Montana's Petition.

To begin with, this Court is without jurisdiction to entertain a motion to reduce Montana's 1999 sentence, because Fed. R. Civ. P. 35 does not allow for such relief at this late date. And if Montana's effort to obtain relief were somehow to be recast as a motion under 28 U.S.C. §2255 ("Section 2255"), it would have to be rejected for two separate reasons:

   1. No constitutional violation has been asserted by Montana, nor does he claim that this Court was without jurisdiction to impose the sentence that it did or that the sentence was in excess of the maximum authorized by law (as contrasted with having been longer than the sentence that this Court was required to impose).

   2. But even if that first problem were overcome, the fact remains that Montana has already instituted and lost a



Section 2255 motion--one that was not only rejected by this Court back in August 2001 but was then also rejected at the appellate level. That being so, a current Section 2255 motion would be an impermissible "second or successive motion" that could not be brought in the first instance in this District Court.

Those things alone require denial of Montana's current Petition. But he should also understand that he is wrong in substantive terms--he asks for "retroactive effect to amendment 506 of the United States Sentencing Guidelines," ignoring the fact that the amendment to which he refers took effect back in 1994 and was therefore fully considered in his sentencing (based as it was on the November 1, 1997 Guidelines). Moreover, Montana misreads the effect of that amendment, which does not speak at all to the correct manner in which his presentence report took account of his status as a career offender, in addition to which the statute <u>required</u> this Court to impose a consecutive 60-month sentence on the offense under 18 U.S.C. §924(c).

What has just been said is admittedly gratuitous, given the lack of jurisdiction set out earlier. It is included simply to dispel Montana's obvious misunderstanding in thinking that the Guideline amendment to which he refers would entitle him to any relief. As stated earlier, the Petition is denied outright.

_____
Milton I. Shadur
Date: July 23, 2003     Senior United States District Judge

2