# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 CR 54 | **DATE** | 1/11/2005 |
| **CASE TITLE** | USA vs. Darwin Montana | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for reconsideration

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Montana's motion for reconsideration is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed 2005 | 94 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/11/2005 | |
| SN | courtroom deputy's initials | | date mailed notice SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
     v.                         )    No.  98 CR 54
                                )
DARWIN MONTANA,                 )
                                )
            Defendant.          )

DOCKETED
JAN 1 1 2005

MEMORANDUM ORDER

On December 22, 2004 this Court summarily denied the effort by Darwin Montana ("Montana") to invoke 18 U.S.C. §3582(c)(2)("Section 3582(c)(2)") to bootstrap himself into a revision of his sentence based on the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004), as presumably applicable to the federal sentencing guidelines as well (something that is yet to be seen, because the Supreme Court has not yet decided that issue). Now Montana submits a handwritten Motion for Reconsideration, pointing to a brief statement in United States v. Cabrera-Polo, 376 F.3d 29, 31 (1st Cir. 2004) as supposedly supporting his position.

It is quite true that the always careful Judge Bruce Selya, speaking for the Court of Appeals there, listed as one ground for possible relief under Section 3582(c) that "certain extraordinary and compelling reasons exist that warrant a modification." But because Cabrera-Polo admittedly did not implicate that possibility (376 F.3d at 31), the quoted statement contained no

elaboration as to what such "extraordinary and compelling reasons" might involve.

If Montana were correct in his present contention, every pre-Blakely sentence that did not meet the standards stated in that opinion would be vulnerable, irrespective of its age. That would obviously prove too much, for there is nothing in Blakely (which the Supreme Court has not declared to be retroactive) or in the generalized language in Cabrera-Polo that would suggest an opening of the floodgates in a way that would subject the federal courts to a massive and unjustified burden. And this Court is certainly not going to countenance such a result even if it were empowered (as Montana contends) to decree Blakely's retroactivity. Hence Montana's motion for reconsideration is also denied.

                                        *[signature]*
                                Milton I. Shadur
                                Senior United States District Judge

Date: January 11, 2005