IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98 CR 54 |
| | ) | Court of Appeals No. |
| | ) | 05-1402 |
| DARWIN MONTANA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Each month this Court receives from the Court of Appeals for the Seventh Circuit a list of pending appeals from cases on this Court's calendar. As part of the just-received April 1, 2005 report that lists this case, the report correctly reflects the pendency of Darwin Montana's motion for in forma pauperis treatment on appeal. But because the absence of this Court's final ruling in that respect has been caused by Montana's own noncompliance with this Court's February 15, 2005 memorandum order ("Order," a copy of which is attached), this memorandum order is being issued as a follow-up to the Order.

As the Order reflects, 28 U.S.C. §1915 ("Section 1915") obligates Montana to pay the entire $255 in appellate fees despite his current inability to pay those fees in full (Section 1915(a)(1)). For that reason the Order directed Montana "to obtain forthwith and to transmit to this District Court a printout covering [the transactions in his prisoner trust fund account during] the further period from December 9, 2004 to

January 21, 2005," so that this Court could make the appropriate calculation of the initial installment payment on account of those fees, as called for by Section 1915.

Montana has simply disregarded the Order for almost two months. Accordingly, unless he complies with the Order's direction by causing such a printout to be delivered to this Court's chambers on or before April 29, 2005, this Court will notify the Court of Appeals of his delinquency so that it may consider whether his appeal should be dismissed for failure to satisfy his Section 1915 obligation with respect to the requisite filing fees.

                                                                  Milton I. Shadur
                                                                  Senior United States District Judge

Date: April 13, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America,    )
                             )
            Plaintiff,       )
                             )
     v.                      )      No. 98 CR 54
                             )
Darwin Montana,              )
                             )
            Defendant.       )

MEMORANDUM ORDER

Darwin Montana ("Montana") is one of the many previously sentenced defendants around the country who labor under the mistaken belief that rulings by the Supreme Court dealing with the constitutional requirements as to sentence enhancements apply to afford relief to such defendants. This Court's December 22, 2004 memorandum order rejected Montana's request for such relief on the basis that nothing about the Supreme Court's earlier decision in Blakely v. Washington, 124 S.Ct. 2531 (2004) or the then-pending review by the Supreme Court of our Court of Appeals' decision in United States v. Booker, provided any basis for such retroactive relief. Then this Court's January 11, 2005 memorandum order denied Montana's motion for reconsideration of that decision.

Just one day after the denial of Montana's motion for reconsideration, the Supreme Court rendered its two majority opinions in Booker, 125 S.Ct. 738. As this Court had anticipated, nothing in either opinion even hinted at such

retroactive application. And now our Court of Appeals has expressly rejected such retroactivity in McReynolds v. United States, Nos. 04-2520, 04-2632 and 04-2844, 2005 W.L. 237642, at *1-*2 (7th Cir. Feb. 2)..

Montana is understandably unaware of the McReynolds opinion. Indeed, one day before that opinion was issued he mailed a notice of appeal from this Court's January 11, 2005 memorandum order. Under the circumstances, that appeal is legally frivolous, but Montana is nonetheless obligated under 28 U.S.C. § 1915 ("Section 1915" to pay the entire $255 in appellate fees, even though he is currently unable to pay those fees (Section 1915(a)(1)).

Under Section 1915(b) Montana is entitled to pay those fees in installments (see Section 1915(b)). But because Montana's in forma pauperis application is accompanied by a printout that covers only the transactions in his prisoner trust fund account from July 6 to December 9, 2004, Montana is ordered to obtain forthwith and to transmit to this District Court a printout covering the further period from December 9, 2004 to January 21, 2005. This Court will then be in a position to make the calculation called for by Section 1915.

                                     */s/ Milton I. Shadur*
                                     Milton I. Shadur
                                     Senior United States District Judge

Enter:     February 15, 2005